UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-239-BR
No. 5:11-CV-144-BR

SHARON ELIZABETH HUGHES )
       Petitioner, )
        )
v. )    O R D E R
        )
UNITED STATES OF AMERICA, )
       Respondent. )

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 11 December 2006, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and a quantity of cocaine; distribution of a quantity of cocaine base and cocaine; and, distribution of more than 50 grams of cocaine base. By judgment entered 14 March 2007, the court sentenced petitioner to a 121-month total term of imprisonment, among other things. Petitioner did not appeal. Therefore, her judgment of conviction became final ten days after judgment was entered, 28 March 2007.[1] See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2007) (ten-day period to appeal criminal judgment); Fed.

---

[1] On 2 March 2009, the court granted petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing her sentence to a total term of 120 months imprisonment. This sentence reduction does not effect of the finality of petitioner's judgment for purposes of § 2255. See 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be– (1) modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.").

R. App. P. 26(a) (2007) (with time periods of ten days, weekends and holidays do not count in the calculation).[2] The instant petition was filed on 29 March 2011. Based upon the record, and as discussed below, the court finds that the petition must be dismissed.

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As noted above, petitioner's judgment became final on 28 March 2007. Petitioner had one year from this date within which to file a § 2255 petition. She did not do so, missing the deadline by more than one year. Thus, the petition is untimely under § 2255(f)(1).

On the approved § 2255 form petitioner filed, question 18 reads: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Petitioner responded:

> Petitioner['s] first motion for 2255 was mailed from Alderson Prison Camp at the end of 2008. However Court has no record of filing. Petitioner sent another 2255 and resubmitted on March 27th, 2009.

(Pet. at 13.) Even if the court were to give petitioner the benefit of the date she delivered the petition

---

[2]Since entry of the judgment here, the cited rules have been amended. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A) (2009), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B) (2009).

to prison authorities for mailing, see Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."), that date, being at "the end of 2008," is outside the one-year statute of limitations. While the limitation period is subject to equitable tolling, see United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000), petitioner has not provided any grounds to warrant such relief.

Finally, the court notes that the Fourth Circuit Court of Appeals has determined that before *sua sponte* dismissal, a habeas petitioner must be given notice and an opportunity to respond to show that the petition is timely or that the circumstances warrant equitable tolling. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). The court finds that petitioner has received sufficient notice and an opportunity to explain any delay in filing on the § 2555 form motion, which form was revised in December 2004 to notify habeas petitioners of the statute of limitations. See Flores v. United States, No. 1:10cv53, 2010 WL 3122666, *2-3 (W.D.N.C. Aug. 9, 2010) (finding no further notice or opportunity for response was required by Hill where it was clear from the petitioner's response on the § 2255 form that he was aware he needed to explain the untimeliness).

The petition is DISMISSED, and the Clerk is DIRECTED to close this case and serve petitioner with a copy of this order. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of

the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 5 April 2011.

                                                                                           W. Earl Britt

                                                                                           Senior U.S. District Judge